IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

November 23, 1998

Cecil Crowson, Jr.
Appellate Court
Clerk

TRUDY R. SWATZELL PARMAN )    GREENE COUNTY
                         )    03A01-9808-CH-00258
     Plaintiff-Appellant )
                         )
                         )
     v.                  )    HON. THOMAS R. FRIERSON, II
                         )    CHANCELLOR
                         )
MARK ROBERT SWATZELL and )
COVEY DIANE KELLEY SWATZELL )
                         )
     Defendants-Appellees )   AFFIRMED AND REMANDED

TRUDY R. SWATZELL PARMAN, Pro Se

JACK H. BURKHARD OF GREENEVILLE FOR APPELLEES

O P I N I O N

Goddard, P.J.

Trudy Rose Swatzell, now Parman, prosecuting this case--both below and on appeal--pro se, filed a complaint on April 6, 1998, which is styled "Petition to Correct Adoption Agreement" against her former husband, Mark Robert Swatzell and his present wife, Covey Dianne Kelly Swatzell. Ms. Swatzell had adopted the children of Ms. Parman and Mr. Swatzell--Jessica Nicole Swatzell (d.o.b. 7/2/81), and Chuck Robert Swatzell (d.o.b. 5/23/83)--by a decree filed in February 1992.

Ms. Parman alleges harassing tactics, threats of imprisonment, and lies as to her, and misleading statements to the Trial Court in support of her petition.

Her petition seeks the following relief:

1. That the order to waive the order of reference, social investigation and report to the court pursuant to statute, be reversed. That the court order a complete investigation.

2. That a counselor for the children be appointed by the court.

3. That legal counsel be appointed by the court to represent the children.

4. That the children be allowed to report their circumstances and wishes before the court personally. That their safety from abuse by MARK ROBERT SWATZELL be insured for this event.

5. That the visitation rights of the natural mother TRUDY ROSE SWATZELL PARMAN be followed in accordance to the divorce decree, and in accordance to the wishes of the children.

6. That all costs for this petition, legal counsel, and counselor, and subsequent evaluations be borne by MARK ROBERT SWATZELL and COVEY DIANE KELLEY SWATZELL.

7. That MARK ROBERT SWATZELL and COVEY DIANE KELLEY SWATZELL be ordered to forfeit the $500 dollar bond assertion from the prior agreement, and be paid directly to the children, due to the fact of their injury of the children through their lies, misrepresentations to the court, and deprivation of communication with their natural mother.

The Swatzells filed a motion seeking dismissal of the petition and in the alternative for a summary judgment. As a predicate for their motion they make the following allegations:

2

Defendants aver that the Plaintiff's "Petition to Correct Adoption" (s.i.c.) is (1) time barred pursuant to statute; (2) is time barred based upon the doctrine of laches, acquiescence and estoppel; (3) time barred upon equitable principles that the parent-child(ren) relationship has existed for over six (6) years between Defendants and the children vis a vis adoption, and that the State of Tennessee has an interest in protecting such interest; (4) that Plaintiff has no legal standing to bring this action; (5) that the Complaint fails to state a claim upon which relief can be granted; (6) there has been no Motion for Relief from the Judgment filed pursuant to T.R.C.P. Rule 60; and (7) the Final Decree is res judicata.

Defendants are entitled to Summary Judgment as a matter of law because the pleadings and Affidavits show that there are no material issues of fact in dispute. Brief of law in support of this Motion is attached herewith and made a part of this Motion.

The Chancellor filed a memorandum opinion (see appendix) which we believe correctly addresses the questions raised in this appeal. We accordingly adopt his opinion as the opinion of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Ms. Parman and her surety.

3

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.